| | DATE FILED: July 16, 2015 4:04 PM<br>FILING ID: 766C31A8106FE<br>CASE NUMBER: 2015CV31612 |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Court Address:  270 South Tejon<br>Colorado Springs, Colorado 80903<br>(719) 448-7700 | |
| Plaintiffs:    Taylor Davis and Eric Davis<br><br>Defendants:   Connecticut General Life Insurance Co. and Cigna Health Management, Inc. | ▲COURT USE ONLY▲ |
| Attorney or Party without Attorney (Name and Address)<br><br>Trent T. King, #24637<br>David A. Beaty, #34437<br>King & Beaty, LLC<br>1277 Kelly Johnson Boulevard, Suite 255<br>Colorado Springs, Colorado 80920<br>Phone Number: (719) 505-9999<br>Fax Number:    (719) 344-2340<br>E-Mail: kingt@trentkinglaw.com<br><br>Attorney for Plaintiff | Case Number: 2015CV031612<br><br>Division: 21 |
| **AMENDED COMPLAINT** | |

COME NOW Plaintiffs, Taylor Davis and Eric Davis, by and through their attorneys, King & Beaty, LLC, for the Complaint against Defendants, Connecticut General Life Insurance Co. and Cigna Health Management, Inc., state and allege as follows:

### GENERAL ALLEGATIONS

1.   At all times relevant to this action, Plaintiffs have resided in Colorado Springs, El Paso County, State of Colorado.

2.   Upon information and belief, at all times relevant hereto, Defendants Connecticut General Life Insurance Co. and Cigna Health Management, Inc. were corporations doing business in the State of Colorado. The Registered Agent for Defendant Connecticut in the State of Colorado is

**EXHIBIT A**

located at 1560 Broadway, Suite #1200, Denver, CO 80202. The Registered Agent for Defendant Cigna is located at 1675 Broadway, Suite 1200, Denver, CO 80202.

3.  Venue is proper in this action pursuant to C.R.C.P. 98 (c) (5) because the tortious conduct upon which the Complaint is based was committed within El Paso County, State of Colorado.

4.  In December 2012, Plaintiffs entered into an agreement with Defendants to obtain health insurance benefits. Plaintiffs paid the payments as was required pursuant to the contract of insurance.

5.  Defendants did not pay medical bills as required by the contract. Plaintiffs have not failed to mitigate their damages. Some of plaintiffs' medical bills have been sent to collections.

## FIRST CLAIM FOR RELIEF
## (BREACH OF CONTRACT)

6.  The allegations contained in paragraph 1 through 5 are incorporated herein by reference as if now set forth verbatim.

7.  Plaintiffs entered into a contract with Defendants for the purpose of obtaining insurance, which policy includes coverage for claims involving medical coverage. At all times pertinent to the action, all the premiums as required under the contract for insurance were paid to Defendants.

8.  Plaintiffs have advised Defendants to pay for benefits under its policy of insurance, and otherwise fully cooperated with Defendants in connection with the claim.

9.  Plaintiffs are an intended beneficiaries of Defendants' insurance policy/contract and therefore entitled to enforce its terms.

10. Plaintiffs have made a demand upon Defendants to pay medical bills and Defendants have refused to pay Plaintiffs amounts due under the medical payments coverage, and so Defendants have breached the contract of insurance.

11. Plaintiffs are entitled to be compensated by Defendants for all damages incurred, including, but not limited to: medical bills, pain, suffering, loss of enjoyment of life, and all benefits owing under the insurance policy.

## SECOND CLAIM FOR RELIEF
## (BAD FAITH)

12. Plaintiffs incorporate all of the above allegations by reference.

13.   Defendants owed Plaintiffs a duty to act in good faith in reviewing, adjusting, and paying the appropriate benefits under its contract of insurance.

14.   Defendants breached its duties to Plaintiffs and acted in bad faith through its conduct as described above, and by engaging in the following:

   a.   Not attempting in good faith to effectuate prompt, fair, and equitable settlement of the claim after liability had become reasonably clear;

   b.   Compelling Plaintiffs to institute litigation to recover amounts due under the insurance policy by failing to pay for medical bills related owing under the contract of insurance.

   c.   Evaluating the claim incompletely and incompetently.

15.   Defendants' actions are unreasonable. Defendants knew the conduct was unreasonable and disregarded the fact that the conduct was unreasonable.

16.   Defendants have engaged in a pattern and practice of adjusting claims in a manner that is in bad faith and a direct violation of the Unfair Claims Settlement Practices Act.

17.   As a direct result of Defendants' breaches of its duties to its insureds, Plaintiffs have been damaged, including, but not necessarily limited to:

   a.   Being forced to incur additional costs in litigation;

   b.   Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendants; and

   c.   Being deprived of the use of funds that would otherwise be used to compensate him for lost income and other damages that should have been paid.

### THIRD CLAIM FOR RELIEF
### (VIOLATION OF UNFAIR CLAIMS PRACTICES ACT)

20.   Plaintiffs incorporates all of the above allegations by reference.

21.   Defendants have failed to pay Plaintiffs within a reasonable time under its contracts for insurance and otherwise engaged in unfair and deceptive trade practices in the course of selling its

insurance products to the Plaintiffs and handling the claims for benefits thereunder.

22.     Defendants' conduct occurred in the normal course of its business and significantly impacts the public as actual or potential consumers of the Defendants' insurance products.

23.     Plaintiffs have suffered injury in fact to the rights to insurance benefits from the Defendants caused by Defendants' acts and omissions.

24.     Plaintiffs are entitled under Colorado Revised Statute § 6-1-113 to an award of treble damages, plus costs and attorney's fees incurred in the prosecution of this case.

## FOURTH CLAIM FOR RELIEF
*(FIRST PARTY STATUTORY CLAIM UNDER C.R.S. § 10-3-1115 and 10-3-1116)*

25.     The allegations contained in paragraph 1 through 24 are incorporated herein by reference as if now set forth verbatim.

26.     Plaintiffs have requested that Defendants pay amounts owed under the health insurance coverage of Defendants' insurance policy. Defendants have refused to do so.

27.     Defendants have delayed payment of covered benefits due to Plaintiffs without a reasonable basis for its action.

28.     Defendants' unreasonable position and conduct have caused Plaintiffs damage by the failure to pay medical bills owing and which Defendants should have previously paid.

29.     In accordance with C.R.S. § 10-3-1116, Plaintiffs are entitled to recover from Defendants two times the covered medical bills plus attorney fees and court costs.

WHEREFORE, Plaintiffs Eric Davis and Taylor Davis pray for judgment against Connecticut General Life Insurance Co. and Cigna Health Management, Inc. for all general damages, economic damages, all statutory and necessary costs including, but not limited to, expert witness fees and the expenses incurred in investigation and discovery required to present Plaintiffs claims, interest from the time of the occurrence, post-judgment interest at the requisite rate, and for such other and further relief as this Court shall deem proper, just, and appropriate under the circumstances.

Respectfully submitted,

King & Beaty, LLC

*Original duly signed and on file at King & Beaty, LLC*

By: /s/ *Trent T. King*
Trent T. King#24637
ATTORNEY FOR PLAINTIFFS

**Plaintiffs' Address:**
6787 Donahue Dr.
Colorado Springs, CO 80923

*In accordance with C.RC.P. 121, §1-29(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request*

5